Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff
Tatiana Plakhova

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATIANA PLAKHOVA,<br><br>Plaintiff ,<br><br>v.<br><br>JAMES HOOD; an individual;<br>MOODSWINGS, LLC, a California<br>Limited Liability Company;<br>BENJAMIN LASKI, an individual; and<br>DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br>3. BREACH OF CONTRACT<br>4. ACCOUNTING<br>5. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING<br>6. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ<br>7. BREACH OF FIDUCIARY DUTY<br>8. FRAUD<br>9. NEGLIGENT MISREPRESENTATION<br>10. DECLARATORY JUDGMENT OF INVALIDITY OF ALLEGED COPYRIGHT<br><br><u>Jury Trial Demanded</u> |

- 1 -

COMPLAINT

Plaintiff TATIANA PLAKHOVA, by and through her undersigned attorneys, hereby prays to this honorable Court for relief as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*. This Court has subject matter jurisdiction under 17 U.S.C. § 411 and The Berne Convention for the Protection of Literary and Artistic Works ("Berne Convention").

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b); and supplemental jurisdiction under 28 U.S.C. § 1367.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff TATIANA PLAKHOVA ("PLAKHOVA") is an individual residing in Russia.

5. PLAKHOVA is informed and believes and thereon alleges that Defendant JAMES HOOD ("HOOD") is an individual residing in Los Angeles County, California.

6. PLAKHOVA is informed and believes and thereon alleges that Defendant MOODSWINGS, LLC ("MOODSWINGS") is a limited liability company organized and existing under the laws of the state of California.

7. PLAKHOVA is informed and believes and thereon alleges that Defendant BENJAMIN LASKI ("LASKI") is an individual residing in Los Angeles County, California.

8. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed PLAKHOVA's copyrights, have contributed to the infringement of PLAKHOVA's copyrights, or have engaged in one or more of the

- 2 -

wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to PLAKHOVA , which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9.  PLAKHOVA  is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of PLAKHOVA's rights and the damages to PLAKHOVA proximately caused thereby.

## <u>GENERAL ALLEGATIONS COMMON TO ALL CLAIMS</u>

10. At all relevant times, PLAKHOVA was a national of the Russian Federation, which is a signatory to the Berne Convention.

11. Prior to the conduct complained of herein, PLAKHOVA created an original series of artworks entitled the "Folk Collection." The Folk Collection consists of seventeen independent and separately-entitled stylistic lamps and ornaments. True and correct images of the Folk Collection are attached hereto as **Exhibit 1**. The Folk Collection is owned exclusively by PLAKHOVA.

12. On or about September 21, 2011, PLAKHOVA and HOOD retained LASKI for the purpose of joint representation and to assist in the formation of a limited liability company. Per the terms of the engagement letter for LASKI's representation, LASKI did not have authority to represent HOOD individually in a

COMPLAINT

1 conflict with PLAKHOVA without written consent from both HOOD and

2 PLAKHOVA. PLAKHOVA never consented to LASKI's representation of HOOD.

3       13. On or about January 18, 2012, PLAKHOVA and HOOD formed a limited

4 liability company named Vertical Time, LLC. HOOD and PLAKHOVA were the

5 only two members of Vertical Time, LLC and held equal ownership stakes. Attached

6 hereto as **Exhibit 2** is a true and correct copy of the fully-executed Operating

7 Agreement for Vertical Time, LLC.

8       14. In or around December 2012, PLAKHOVA sold two works to

9 MOODSWINGS: Mandala and Gyroscope. The agreement for the sale of these

10 works (the "Mandala/Gyroscope Agreement") provides that profits from the use of

11 the two works will be divided equally between MOODSWINGS and Vertical Time,

12 LLC, and that PLAKHOVA was entitled to display the two works in shows so long

13 as such use does not include any promotions or any other use in relation to products

14 or merchandise. A true and correct copy of the Mandala/Gyroscope Agreement is

15 attached hereto as **Exhibit 6**.

16       15. Per the express terms of the Operating Agreement for Vertical Time, LLC,

17 all decisions concerning the management of Vertical Time, LLC's business and

18 dissolution of the company were to be made by a majority of its members, and

19 PLAKHOVA retained final decision-making authority with respect to any decision

20 related to art.

21       16. On or about March 1, 2013, a Bill of Transfer was executed that

22 purportedly assigned her rights in the Folk Collection to Vertical Time, LLC with

23 the express condition that prior to the second year from the start date of the

24 assignment and again before the fifth year, the majority of Vertical Time's members

25 was required to decide which of the assigned materials would revert to the artist and

26 which would remain with the company. For any works that PLAKHOVA and

27 HOOD both did not decide would continue as assigned materials would

28

automatically revert to PLAKHOVA as sole and exclusive owner. A true and correct copy of the Bill of Transfer is attached hereto as **Exhibit 3**.

17. On or about March 1, 2013, PLAKHOVA and HOOD executed a Master Use License that putatively reflects an agreement between Vertical Time, LLC and an entity named Mesmerica, LLC. A true and correct copy of the Master Use License is attached hereto as **Exhibit 4**. The Master Use License purports to authorize the use of the PLAKHOVA's artwork for a limited time for use in a "Pitch Film" that was to be displayed to potential investors to raise capital for a live show featuring PLAKHOVA's artwork. The Pitch Film remains in flux, and there is no record of Mesmerica, LLC ever having been registered with the California Secretary of State. The Master Use License never became effective and did not transfer or assign any rights to any works.

18. Prior to the conduct complained of herein, PLAKHOVA created a collection of artworks entitled the "Ceremony Works." On or about November 30, 2013, PLAKHOVA and HOOD executed a purchase agreement which purported to assign all sixty-eight identified Ceremony Works to MOODSWINGS (the "Ceremony Works Agreement"). Under the Ceremony Works Agreement, PLAKHOVA retained the right to use the works in her personal exhibitions and publish them on her website. The Ceremony Works Agreement also required a specific credit line every time any of the works were used, consistent with industry standards, and that PLAKHOVA was entitled to 45% of all net revenue earned in connection with any of the Ceremony Works. A true and correct copy of the Ceremony Works Agreement is attached hereto as **Exhibit 5**.

19. Plaintiff is informed and believes and thereon alleges that on or about January 2014, in violation of the terms of the Operating Agreement, HOOD unilaterally dissolved Vertical Time, LLC. PLAKHOVA is informed and believes, and thereon alleges that LASKI assisted HOOD in unilaterally dissolving Vertical

Time, LLC. This unilateral dissolution violated the Operating Agreement and Plaintiff's rights.

20. PLAKHOVA is informed and believes, and thereon alleges that LASKI falsely represented to the California Secretary of State that the dissolution was approved by vote by all members of Vertical Time, LLC.

21. Plaintiff is informed and believes, and thereon alleges that LASKI also falsely stated to PLAKHOVA that the visual assets that had been under consideration for development in the two-year life of Vertical Time, LLC would be owned in equal shares by both parties in perpetuity, and that such artwork is not limited to what was actually used in the films made, but includes any artwork that PLAKHOVA shared with HOOD from the inception of Vertical Time, LLC.

22. Per the terms of the Bill of Transfer, the Folk Collection, to the extent it was ever transferred to Vertical Time, LLC, reverted back to PLAKHOVA's sole and exclusive ownership because, *inter alia*, HOOD dissolved Vertical Time, LLC.

23. Plaintiff is informed and believes and thereon alleges that a work entitled "Vertical Time Artwork" was registered with the U.S. Copyright Office, with the dissolved Vertical Time, LLC listed as claimant and PLAKHOVA as author. This registration was granted Registration No. VA 1-862-164. PLAKHOVA is informed and believes, and thereon alleges that the "Vertical Time Artwork" may improperly and unlawfully relate or refer to the Folk Collection and other proprietary works created and owned by PLAKHOVA. PLAKHOVA is further informed and believes, and thereon alleges that LASKI assisted in the registration of the "Vertical Time Artwork" with the U.S. Copyright Office. PLAKHOVA was not informed that this registration was being sought.

24. PLAKHOVA is informed and believes, and thereon alleges that after the dissolution of Vertical Time, LLC, HOOD and/or MOODSWINGS unilaterally and unlawfully used the Folk Collection and several other proprietary works created and

owned by PLAKHOVA (collectively, the "Subject Artwork") in the Pitch Film and other works, which were exploited and disseminated without PLAKHOVA's authorization.

25. PLAKHOVA created all Subject Artwork while domiciled in the Russian Federation.

26. PLAKHOVA is informed and believes, and thereon alleges that HOOD and/or MOODSWINGS realized revenues from the exploitation of PLAKHOVA's artwork in, *inter alia*, shows, videos, album covers, and on the internet, but failed to account to PLAKHOVA the funds due and owing under the Mandala/Gyroscope Agreement and Ceremony Works Agreement.

27. PLAKHOVA  is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement in connection with the Subject Artwork with actual or constructive knowledge of PLAKHOVA's rights or in blatant disregard or willful blindness to PLAKHOVA's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement of each work comprising the Subject Artwork infringed and/or an order precluding Defendants from proffering certain defenses and deductions from profits.

28. PLAKHOVA is informed and believes, and thereon alleges that HOOD, after taking direct access to the Folk Collection, unlawfully distributed, published, disseminated, and/or exploited the Subject Artwork, and/or elements thereof, and/or created unlawful copies and derivative works from said material, all of which infringed Plaintiff's rights.

///

///

## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against HOOD, MOODSWINGS, and DOE Defendants)

29. PLAKHOVA repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

30. PLAKHOVA is informed and believes and thereon alleges that all Subject Artwork are Berne Convention works per 17 U.S.C. § 101 that do not require completion of U.S. registration formalities as a prerequisite to filing an action for copyright infringement.

31. PLAKHOVA is informed and believes and thereon alleges that the above-referenced Defendants, and each of them, had direct access to the Subject Artwork through their prior dealings with PLAKHOVA.

32. PLAKHOVA is informed and believes and thereon alleges that the above-referenced Defendants, and each of them, infringed PLAKHOVA's copyrights by creating, making, or developing directly infringing or derivative works from the Subject Artwork or parts thereof and by producing, distributing, exploiting, or displaying works which infringe Plaintiff's rights in the Subject Artwork in shows, videos, album covers, and on the internet.

33. Due to the above-referenced Defendants' acts of infringement, PLAKHOVA has suffered substantial damages to her business and livelihood in an amount to be established at trial.

34. Due to the above-referenced Defendants' acts of infringement, PLAKHOVA has suffered general and special damages in an amount to be established at trial.

35. Due to the above-referenced Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect

profits they would not otherwise have realized but for their infringement of the Subject Artwork. As such, PLAKHOVA is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Artwork in an amount to be established at trial.

36. PLAKHOVA is informed and believes and thereon alleges that the above-referenced Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement of each work comprising the Subject Artwork infringed. Within the time permitted by law, PLAKHOVA will make her election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against HOOD, MOODSWINGS, LASKI, and DOE Defendants)

37. PLAKHOVA repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

38. PLAKHOVA is informed and believes and thereon alleges that the above-referenced Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction or subsequent sales of works featuring the Subject Artwork as alleged herein.

39. PLAKHOVA is informed and believes and thereon alleges that the above-referenced Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

- 9 -

COMPLAINT

40. By reason of the above-referenced Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, PLAKHOVA has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

41. Due to the above-referenced Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Artwork. As such, PLAKHOVA is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Artwork, in an amount to be established at trial.

42. PLAKHOVA is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement of each work comprising the Subject Artwork infringed and/or an order precluding Defendants from proffering certain defenses and deductions from profits.

**THIRD CLAIM FOR RELIEF**

(For Breach of Contract - Against HOOD and MOODSWINGS)

43. PLAKHOVA repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

44. PLAKHOVA and HOOD entered into the Ceremony Works Agreement and Mandala/Gyroscope Agreement as provided hereinabove.

COMPLAINT

45. PLAKHOVA performed all of the duties required on her part with respect to the terms Ceremony Works Agreement and Mandala/Gyroscope Agreement as alleged herein, except as excused, waived, or made impossible by Defendants.

46. PLAKHOVA is informed and believes and thereon alleges that HOOD has materially breached the Ceremony Works Agreement and Mandala/Gyroscope Agreement by failing to make any payments owed in connection with the exploitation of the works subject to these agreements.

47. PLAKHOVA is informed and believes and thereon alleges that HOOD has materially breached the Ceremony Works Agreement and Mandala/Gyroscope Agreement by failing to accord PLAKHOVA proper attribution and credit as required by the agreements.

48. PLAKHOVA is informed and believes and thereon alleges that HOOD will continue to breach the Ceremony Works Agreement and Mandala/Gyroscope Agreement as alleged above, by failing to account to PLAKHOVA any payment due and owing per the Ceremony Works Agreement and Mandala/Gyroscope Agreement.

49. HOOD's failure to remit payment to PLAKHOVA, was and continues to be, a breach of the Ceremony Works Agreement and Mandala/Gyroscope Agreement referenced herein, and caused and continues to cause PLAKHOVA significant damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

(For Accounting - Against HOOD and MOODSWINGS)

50. PLAKHOVA repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

51. By virtue of the Ceremony Works Agreement and Mandala/Gyroscope Agreement and PLAKHOVA's entitlement to receive compensation per the terms of

- 11 -

1   those agreements, PLAKHOVA is entitled to an accounting from HOOD and

2   MOODSWINGS.

3        52. HOOD and MOODSWINGS are in the best position to know the true and

4   correct amount of funds due and owing to PLAKHOVA because the books and

5   records necessary to make such determinations are in the exclusive possession,

6   custody, and control of HOOD and MOODSWINGS.

7        53. PLAKHOVA is informed and believes, and thereon alleges, that the

8   accounts related to the money collected from HOOD and MOODSWINGS'

9   exploitation of the Ceremony Works, Mandala, and Gyroscope are so complicated

10  that alleging a fixed sum owed is impracticable. The true and correct balance due to

11  PLAKHOVA can only be ascertained by an accounting performed under the

12  supervision of the Court.

13  **FIFTH CLAIM FOR RELIEF**

14  (For Breach of Implied Covenant of Good Faith and Fair Dealing - Against HOOD)

15       54. PLAKHOVA repeats, realleges and incorporates herein by reference as

16  though fully set forth the allegations contained in the preceding paragraphs of this

17  Complaint.

18       55. Implied in every contract, including the Ceremony Works Agreement and

19  Mandala/Gyroscope Agreement, is a covenant among the parties thereto that no

20  party will do anything to interfere with another party's enjoyment of its contractual

21  rights and benefits, and that each contracting party will do everything that the

22  contract presupposes it will do to accomplish the contract's purpose.

23       56. HOOD has breached the covenant of good faith and fair dealing implied in

24  the Ceremony Works Agreement and Mandala/Gyroscope Agreement by engaging

25  in bad faith conduct intended to frustrate PLAKHOVA's rights to receive the

26  benefits of the Ceremony Works Agreement and Mandala/Gyroscope Agreement.

27  PLAKHOVA is informed and believes, and thereon alleges, that HOOD engaged in

28

bad faith conduct including without limitation by refusing to remit payment for outstanding obligations in a timely manner despite his exploitation of the artwork at issue.

57. As a direct and proximate result of the breaches by HOOD of the implied contractual obligations set forth in the Ceremony Works Agreement and Mandala/Gyroscope Agreement, PLAKHOVA has suffered monetary damages in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

(For Violation of California Business And Professions Code Section 17200 et seq. – Against HOOD and LASKI)

58. PLAKHOVA repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

59. At all times relevant to these allegations, PLAKHOVA relied exclusively on her attorney LASKI for advice and counsel regarding the formation of, operation of, and potential dissolution of Vertical Time, LLC. LASKI was obligated by to fully, fairly, and competently represent PLAKHOVA and HOOD equally in all respects. At all times herein, PLAKHOVA was advised by LASKI and believed that she could rely on LASKI for advice and trust his decisions.

60. During the period of representation, LASKI, in concert with HOOD, made affirmative misrepresentations and fraudulent statements to PLAKHOVA and others, failed to disclose and purposefully withheld material information from PLAKHOVA, to assist HOOD in unfairly and unlawfully seeking to obtain and commercially and publicly exploit rights in artwork belonging to PLAKHOVA.

61. LASKI and HOOD committed unfair business practices to the detriment of PLAKHVA by, *inter alia*, unilaterally dissolving Vertical Time, LLC in plain violation of the Operating Agreement drafted by LASKI; falsely representing to the

- 13 -

California Secretary of State that the dissolution was the result of a vote by all members of Vertical Time, LLC; falsely representing to PLAKHOVA the terms and consequences of the agreements referenced hereinabove; in fraudulently registering the "Vertical Time Artwork" with the U.S. Copyright Office unbeknownst to PLAKHOVA; and unfairly using PLAKHOVA's artwork in commerce for the benefit of only HOOD and LASKI.

62. PLAKHOVA is informed and believes, and thereon alleges that LASKI aided, assisted, or otherwise acquiesced in HOOD's infringement and other wrongful acts as detailed hereinabove and represented HOOD individually to the detriment of PLAKHOVA.

63. The above-described wrongful conduct, including their unfair competition as alleged herein, constitutes unlawful, unfair and/or fraudulent business acts or practices under the California Business and Professions Code Section 17200 et seq.

64. As a direct and proximate result of LASKI and HOOD's unfair business practices, PLAKHOVA has been damaged in an amount to be determined at trial, is entitled to punitive damages, and sustained and will continue to sustain damages for which she has no adequate remedy at law.

65. PLAKHOVA is informed and believes and thereon alleges that the Defendants, and each of them, undertook the acts alleged above willfully, for the purpose of enriching themselves to Plaintiff's detriment.

## SEVENTH CLAIM FOR RELIEF

(For Breach of Fiduciary Duty - Against HOOD and LASKI)

66. PLAKHOVA repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

67. LASKI, as attorney to PLAKHOVA, was obligated to use his abilities to represent PLAKHOVA in a fair, just, and equitable manner in order to ensure that all

applicable laws and contractual obligations were complied with, to refrain from abusing his position of control, and not to favor his or HOOD's interests above PLAKHOVA's. LASKI violated his fiduciary duties, including without limitation his duty of care, good faith, honesty, and loyalty by the acts of malfeasance described herein.

68. HOOD, as a member of Vertical Time, LLC, had a duty of loyalty, a duty to account, a duty not to compete, a duty to refrain from self-dealing, and other fiduciary duties to PLAKHOVA. Plaintiff is informed and believes that HOOD violates these duties.

69.During the period of representation, LASKI breached his fiduciary duties to PLAKHOVA by, *inter alia*, making affirmative misrepresentations and fraudulent statements to PLAKHOVA and others, failing to disclose and purposefully withholding material information from PLAKHOVA, and placing his and HOOD's interests before those of PLAKHOVA. Indeed, LASKI continues to represent HOOD against PLAKHOVA, and has done so during the entirety of negotiations regarding the disputes referenced herein.

70. HOOD breached his duties to PLAKHOVA by, *inter alia*, converting business assets to his own use, failing to account to and advise PLAKHOVA, competing against PLAKHOVA, and exploiting opportunities for his own benefit.

71. As a direct and proximate result of LASKI's and HOOD's respective breaches of their respective fiduciary duties to PLAKHOVA, PLAKHOVA has been damaged in an amount to be determined at trial, is entitled to punitive damages, and sustained and will continue to sustain damages for which she has no adequate remedy at law.

///

///

- 15 -

COMPLAINT

# EIGHTH CLAIM FOR RELIEF

## (For Fraud- Against LASKI)

72.  PLAKHOVA repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

73. PLAKHOVA is informed and believes and therein alleges that during the period of representation, LASKI made knowing fraudulent misrepresentations or material omissions to PLAKHOVA regarding PLAKHOVA's rights in the Subject Artwork, the status and operation of Vertical Time, LLC, the assets of this company, and the purpose and status of his legal representation of HOOD and PLAKHOVA, as referenced herein.

74. PLAKHOVA is informed and believes and therein alleges that LASKI made knowing fraudulent misrepresentations to the government agencies regarding PLAKHOVA and her rights in certain artwork and commercial entities.

75. PLAKHOVA is informed and believes and therein alleges LASKI made knowing fraudulent misrepresentations to California Secretary of State regarding the status and faulty dissolution of Vertical Time, LLC.

76. PLAKHOVA relied on the knowingly false statements made by LASKI at the time of LASKI's representation of PLAKHOVA.

77. LASKI's fraudulent acts referenced herein and caused PLAKHOVA significant damages in an amount to be determined at trial.

78. The concealment and or fraudulent statements referenced herein were made with knowledge of their false or fraudulent nature, requiring the imposition of punitive or exemplary damages.

///

///

- 16 -

COMPLAINT

## NINTH CLAIM FOR RELIEF

(For Negligent Misrepresentation- Against LASKI)

79.  PLAKHOVA repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

80. LASKI made at least negligent misrepresentations to PLAKHOVA by, *inter alia*, making affirmative misrepresentations or material omissions to PLAKHOVA regarding PLAKHOVA's rights in the Subject Artwork, the status and operation of Vertical Time, LLC, and the purpose and status of his legal representation of HOOD and PLAKHOVA.

81. PLAKHOVA reasonably relied on these falsehoods during the course of LASKI's representation of PLAKHOVA, and was unaware of their falsity when doing so.

82. As a result of the foregoing misrepresentations, PLAKHOVA suffered general and special damages, the exact amount of which will be established at trial.

83. The acts as herein alleged were committed with fraud, oppression, malice and/or a reckless disregard for the rights and well-being of PLAKHOVA such that an award of exemplary and punitive damages should issue and is hereby requested.

## TENTH CLAIM FOR RELIEF

(For Declaration of Invalidity of Alleged Copyright – Against HOOD)

84. PLAKHOVA repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

85. An actual controversy has arisen and now exists between PLAKHOVA and HOOD concerning whether HOOD holds a valid copyright and registration in a work entitled "Vertical Time Artwork" that was registered with the U.S. Copyright

COMPLAINT

Office under Registration No. VA 1-862-164, with the dissolved Vertical Time, LLC listed as claimant and PLAKHOVA as author.

86. PLAKHOVA is informed and believes, and thereon alleges that the "Vertical Time Artwork" improperly and unlawfully includes Subject Artwork to which HOOD holds no rights.

87. PLAKHOVA is informed and believes and therein alleges that LASKI made fraudulent misrepresentations to the U.S. Copyright Office regarding the rights in and to the Subject Artwork in registering the "Vertical Time Artwork".

88. PLAKHOVA is informed and believes and thereon alleges that HOOD or LASKI knowingly made false statements to the United States Copyright Office to secure Registration No. VA 1-862-164, absent which the United States Copyright Office would not have issued such registration.

## **PRAYER FOR RELIEF**

Wherefore, PLAKHOVA prays for judgment as follows:

### **Against All Defendants**

With Respect to Each Claim for Relief

    a. That Defendants, each of them, and their agents and employees be enjoined from infringing PLAKHOVA's copyrights in any manner, specifically those for the Subject Artwork;

    b. That Defendants, and each of them, account to PLAKHOVA for their profits and any damages sustained by PLAKHOVA arising from the foregoing acts of infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

    c. That PLAKHOVA be awarded damages directly and proximately caused by LASKI's misrepresentations and breaches of fiduciary duty;

d. That PLAKHOVA  be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That PLAKHOVA  be awarded pre-judgment interest as allowed by law;

f. That PLAKHOVA  be awarded the costs of this action;

g. For an accounting under Court supervision of the profits all exploitations of the Ceremony Works, Mandala, and Gyroscope by HOOD and MOODSWINGS, and the amounts due and payable to PLAKHOVA in accordance with the Ceremony Works Agreement and Mandala/Gyroscope Agreement;

h. That a constructive trust be entered over any business assets wrongfully converted or resulting from wrongful exploration;

i. That the Court issue a declaratory judgment invalidating the "Vertical Time Artwork" copyright registration, Registration No. VA 1-862-164; and

j. That PLAKHOVA be awarded such further legal and equitable relief as the Court deems proper including punitive and special damages.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: November 4, 2016        By:    /s/ *Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
Tatiana Plakhova

- 19 -

COMPLAINT